MERCEDES VIGIO, Plaintiff and Appellee, v. SEVERIANO CARTAGENA RODRÍGUEZ ET AL., Defendants and Appellants.

No. 10097. Argued November 8, 1949.—Decided November 28, 1949.

*Juan Enrique Géigel* and *Guillermo·Silva* for appellants. *Guillermo.Bauzá* for appellee.

MR. JUSTICE NEGRÓN FERNÁNDEZ delivered the opinion of the Court.

Plaintiff-appellee moved to dismiss the appeal taken by defendants from a judgment rendered by the lower court on April 1, 1949, which was timely appealed on May 13 of the same year, since April 14 was the date on which notice of the service made on the parties was filed with the record. This motion is based on two grounds: (1) that the order of June 1, 1949, issued by the court to the stenographer who acted at the trial to prepare the transcript of evidence is void, due to the fact that the motion requesting the transcript was filed on May 27 of that year, that is, after the expiration of the 10 days prescribed by the statute to make such petition; and (2) that from the date on which the order for the preparation of the transcript of evidence was requested the appellant has not taken any additional steps to prosecute diligently his appeal, and that the original period of 20 days to prepare the transcript of evidence has expired without said transcript having been filed, or an extension of time obtained.

The motion for dismissal now under consideration was filed on September 12 of this year. The appellants object to the dismissal invoking, as to the first ground, Rule 6 (*b*) (2) of the Rules of Civil Procedure; contending, as to the second, that inasmuch as the stenographer was not notified of the

order for the preparation of the transcript of evidence until September 19, 1949, the appellants should not suffer the consequences of such lack of notification.

 Although the Rules of Civil Procedure, as we decided in *Hernández* v. *Municipal Court*, 69 P.R.R. 827 "fail to contain any provision regarding the procedure to be followed in appeals" and therefore Rule 6(*b*) (2) invoked by appellants in opposition to the first ground for dismissal is not in point, we think, however, that the appeal should not be dismissed on said ground inasmuch as we have held that the term of 10 days allowed to appellants by § 299 of the Code of Civil Procedure, as amended by Act No. 111 of May 5, 1939 to request that the stenographer be ordered to make the transcript of evidence, may be extended and the district court may grant a new term if it has already expired, in the exercise of the power granted to it by § 140 of the Code of Civil Procedure. *Pillot* v. *White Star Bus Line*, 58 P.R.R. 130. *Báez* v. *Honoré*, 56 P.R.R. 30, had already revoked the prior decisions of this Court to the effect that the jurisdiction to grant a new term belonged exclusively to this Court and not to the district courts when extensions were not requested within the term in force, and said decision was ratified in *Municipality* v. *De la Fuente*, 56 P.R.R. 100 and *Caguas Co. Inc.* v. *López*, 56 P.R.R. 169. What was stated in those two cases was in connection with new terms within which to file transcripts of evidence once the former term had expired, but it is also applicable to the granting of a new term to request the preparation of transcripts of evidence since for appeals there exists only an unextendible jurisdictional term which is the one prescribed by law for the bringing of the appeal. The remaining ones, unless otherwise provided by law, are extendible. *Pillot* v. *White Star Bus Line, supra.*

In the present case, just as in the *Pillot* case, there is not involved a petition for an extension since here, as in that case, the term of 10 days had already elapsed. However,

under the authority of the *Pillot* case, we hold that the effect of the order of June 1, 1949, issued in this case for the stenographer to prepare the transcript of evidence had the effect of granting a new term to appellant and that the court had authority to issue the order which is valid and effective.

We do not think, therefore, that the appeal taken should be dismissed on the first ground.

██ In support of the second ground of his motion appellee invokes the case of *Cordero v. R. Santaella & Bros., Inc.*, 67 P.R.R. 565, in which the district court issued an order for the transcript of evidence to be prepared, but the order was never notified to any of the stenographers who had taken the stenographic notes at the trial. This Court was requested to dismiss the appeal and it was so done, basing our decision on that "it does not appear, however, that the clerk was notified within the twenty days for the filing of the transcript or that any extension had been requested to serve such notice," citing the cases of *Salichs v. Board of Examiners*, 39 P.R.R. 224 and *Abarca v. Rodríguez*, 41 P.R.R. 103.

In the instant case, as is shown by a certificate from the clerk of the lower court, neither the stenographer who took part in the trial nor the parties were served with notice of the order for the preparation of the transcript until September 16, 1949, "since the record was inadvertently filed." So that, since June 1 to September 16, three and one half months elapsed without the stenographer being notified of the order.

After an examination of Act No. 111 of May 5, 1939, amending § 299 of the Code of Civil Procedure (1933 ed.) as said Section had been in turn amended by Act No. 19 of April 11, 1935—which was in force at the date of our decision in the case of *Cordero v. R. Santaella & Bros., Inc., supra*—we reach the conclusion that in said case the Act was not correctly construed, and said case is hereby overruled. Let us see why.

Section 299 of the Code of Civil Procedure, as amended by Act No. 111 above cited, after providing that the appellant within 10 days from the date of the filing of his notice of appeal must present and file with the secretary of the district court that rendered the judgment, order or decision appealed from, a written application for the preparation of the transcript of evidence and all other actions of the court as well as of the objections and exceptions taken by the attorneys, provides in its second paragraph: "Upon receipt of said application it *shall be the duty of the court* to direct the stenographer thereof to transcribe faithfully and completely the stenographic notes of the hearing. Within twenty days *after so directed and notified by the court,* or within the extension of time granted him upon his application or that of appellant, the stenographer shall prepare and file a transcript of the stenographic notes of the hearing, . . and shall deliver the same to the secretary of the aforesaid court; . . ." (Italics ours. What was copied above is the pertinent part to the question under consideration.)

It is evident, in accordance with the above provisions of § 299, that the original term of 20 days for filing the transcript of the evidence does not start to run until the stenographer is *notified* of the order of the court to that effect. The cases of *Salichs* v. *Board of Examiners* and *Abarca* v. *Rodríguez, supra,* cited in the *Cordero* case were decided, the first on February 28, 1929, and the second on May 31, 1930 at a time when Act No. 27 of November 23, 1917 was in force, as amended by Act No. 81 of June 26, 1919 and whereby it was not required—as is required by Act No. 111 of May 5, 1939—that the stenographer be *notified* of the order for the preparation of the transcript of evidence.[1] Act No. 27 was

---

[1] Insofar as pertinent, § 2 of said Act provided:

"That upon receipt of said application it shall be the duty of the court to direct the stenographer thereof to transcribe faithfully and completely the stenographic record of the hearing. Within twenty days after so directed by the court, the stenographer shall prepare a transcript of the stenographic notes of the hearing, including in such transcript a copy of

expressly repealed by Act No. 111. Therefore it is easy to become aware of our error in the case of Cordero which was decided on July 14, 1947, when the Act requiring that notice be served by the court on the stenographer was already in force.

At the date of the filing of the motion requesting the dismissal of the appeal in this Court—September 12, 1949—the stenographer of the lower court had not yet been notified of the order for the preparation of the transcript of evidence, and, therefore, the term of 20 days to file the motion had not started to run even on that date. There is nothing in the record to show that the transcript was not filed by the stenographer within said term. In fact, the stenographer certified the transcript and notified it to counsel for both parties on September 29th, that is, 13 days after he was served with notice of the order to that effect. The transcript was approved on October 14th following, and from the order approving said transcript it appears that it was submitted for approval by stipulation of the parties to a judge other than the one who took part in the trial.

Since the record of appeal was finally filed in this Court on October 26, that is, 12 days after the date of approval of the transcript of evidence, we hold that it was filed in time.

The motion to dismiss will be denied.

---

all documents offered and admitted in evidence, and of any other matter the inclusion of which in the transcript may have been requested in the application, and shall deliver the same to the secretary of the aforesaid court." Laws of 1917, Vol. II, p. 276. (Italics ours.)